11-0348-cv
Archer Investments S.a.r.l. et al. v. Local 282 Welfare Trust Fund, Ontario Teachers' Pension Plan Board

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of February, two thousand and twelve.

Present:
> RALPH K. WINTER,
> PETER W. HALL,
> DENNY CHIN
> > *Circuit Judges.*

_____

Archer Investments S.a.r.l., Congor Investments Limited, Conset Investments S.a.r.l., Southridge Management S.a.r.l.,
> *Claimants-Appellants*,

> v.                                                          No.      11-0348-cv

Local 282 Welfare Trust Fund, Ontario Teachers' Pension Plan Board,
> *Plaintiffs-Appellees*.

_____

| | |
|---|---|
| FOR APPELLANTS: | MALCOLM S. TAUB, Davidoff Malito & Hutcher LLP, New York, New York |
| FOR APPELLEES: | EDWARD A. GROSSMAN, (Sanford P. Dumain and George A. Bauer III, Milberg LLP New York, New York *on brief*) Bernstein Litowitz Berger & Grossmann, LLP, New York, New York |

_____

Appeal from an order of the United States District Court for the Southern District of New York (Hellerstein, *J.*). **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that this order is **AFFIRMED**.

Claimants-Appellants Archer Investments S.a.r.l., Congor Investments Limited, Conset Investments S.a.r.l., and Southridge Management S.a.r.l. ("Claimants") appeal from the district court's order denying them the right to participate in proceeds under a settlement agreement of a class-action lawsuit. The suit was led by Plaintiffs-Appellees Local 282 Welfare Trust Fund and Ontario Teachers' Pension Plan Board ("Plaintiffs), who brought claims against Biovail Corporation and its officers for securities fraud. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only where necessary to explain our decision.

Claimants, four investment companies owned by certain Cayman Islands Trusts, contend that the district court erred by ignoring the law of the Cayman Islands when interpreting the terms of the Settlement Agreement. They also argue that the court erred in determining that a defendant in the lawsuit, Eugene Melnyk, had a "controlling interest" in the Trusts, which interest by the terms of the Settlement Agreement, disqualified Claimants from taking part in the proceeds.[1]

The Settlement Agreement contains a New York choice of law provision. Claimants argue that the New York conflicts of law rule applicable to trusts requires us to apply the law of

---

[1]As made clear during oral argument, we assess Claimants' and the Trusts' relationship to each other during the applicable time period when the Claimants purchased Biovail shares ostensibly making them Class-eligible. During the relevant time, the Claimants were wholly-owned by the Trusts that were settled by Mr. Melnyk.

the situs, the Cayman Islands, to determine "the construction and validity of" the Trusts. This argument is without merit. Paragraph 38 of the Settlement Agreement provides: "The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of law, except to the extent that federal law requires that federal law governs." "Where, as here, the parties have agreed on the law that will govern their contract," that choice of law will be enforced. *Finucane v. Interior Const. Corp.*, 264 A.D.2d 618, 620 (1st Dep't 1999). New York's conflict of law rule regarding trusts is not relevant to this case because paragraph 38 clearly states that in interpreting the Settlement Agreement, New York "internal" law applies "without regard to conflicts of law." By the terms of the Settlement Agreement, questions regarding whether Melnyk had a "controlling interest" in these Trusts are questions of contract interpretation to be determined under New York law. Cayman Islands law has no bearing on that interpretation.

"We review a district court's interpretation of a settlement agreement *de novo* . . . mindful that the consent decree is a contract between the parties, and should be interpreted accordingly." *Waldman ex rel. Elliott Waldman Pension Trust v. Riedinger*, 423 F.3d 145, 148 (2d Cir. 2005) (internal quotation marks omitted). The terms of the Settlement Agreement exclude "any entity in which any defendant has a controlling interest" from sharing in the settlement proceeds. The facts bearing on whether Melnyk controlled the Trusts are not in dispute, but the parties vigorously dispute the inferences that may be drawn from them and the importance of those inferences as applied to the terms of the Settlement Agreement. The proof includes the following:

3

- Melnyk and his immediate family members were at all relevant times discretionary beneficiaries of all the Trusts, but in 2000 he made a revocable disclaimer of his interests (but not his family's) in two of the Trusts. The disclaimer, aside from being revocable, was alleged to have been executed to mislead Canadian investigators who were conducting inquires into the relationship between Melnyk and the Trusts.

- Melnyk provided advice and recommendations to the Trustees in relation to certain acquisitions and dispositions of Biovail securities.

- The assets of the Trusts consisted primarily of Biovail shares.

- Melnyk acted as a signatory to a 2002 amendment to one of the Trusts, and he provided his consent to changes in at least two of the Trusts.

- Three of the four Trusts had the same investment broker. A manager at another broker for the investment broker treated the three trusts as a single account because it believed Melnyk to be the common owner.

- The person who was responsible for a substantial number of trades for several of the Trusts that made them Class-eligible was a Biovail director and was Melnyk's personal trading representative.

- In 2004 and 2005, Melnyk directed all of the Trusts be transferred to a new series of trusts, and the Trustees took that action.

- Between April 1998 and December 2003, the Trusts made unsecured loans to Melnyk of $88 million USD and $4 million CDN. These loans were on terms favorable to Melnyk. In December 2003, the outstanding amounts owed by Melnyk on these loans were $100.2 million USD and $5.2 million CDN. The Trusts also, at times, turned down Melnyk's request for loans or extensions of credit.

- In connection with a settlement agreement with Canadian authorities, Melnyk filed certain insider reports indicating that he had "control or direction" over the Trusts during times relevant to this matter.

It is beyond cavil that the drafters of the Settlement Agreement understood that these Trusts were excluded from taking part in the settlement. One need only look at Plaintiffs' Second Amended Complaint, which alleges that (1) Melnyk exercised "control of the Trusts" and directed the very trading activities that made the Trusts eligible to participate in the settlement. and (2) Melnyk used the Trusts to generate proceeds that the Trusts in turn loaned to

4

Melnyk.   The Second Amended Complaint also pleads that "any entity in which any defendant has a controlling interest" would be excluded from the Class.  It cannot seriously be argued that the drafters of the Settlement Agreement and the signatories to it did not understand that the Trusts were to be excluded by this very same language from the complaint that was later repeated in the Settlement Agreement.

We have considered Claimants' remaining arguments and find them without merit.

The order of the district order overruling Claimants' objection and approving class distribution is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk